Per Curiam.

The question presented by the appellees is whether Section 5121.06, Revised Code, imposes a liability on the children of an inmate of a state benevolent institution, where the husband of the inmate was alive when the inmate was originally confined and is still alive and a party defendant, together with the children, in an action to recover for support of such inmate, and no claim is made that either the inmate or the husband is indigent.
Section 5121.06, Revised Code, reads as follows:
“A husband may be held liable for the support of a wife; a wife for a husband; a father or mother for a minor or adult son or daughter; and a son or daughter, or both, for a father or mother, while such wife, husband, father, mother, son, or daughter is an inmate of a benevolent institution under the control of the Department of Mental Hygiene and Correction.”
It is evident from a reading of the section, as it reads now and as the portion appurtenant read when originally enacted in 1910 (101 Ohio Laws, 159), that in its enactment the General Assembly did not create classes or degrees of liability, but that joint and several liability among all the parties named therein was created. State v. Webber, Admr., 163 Ohio St., 598; State v. Stevens, 161 Ohio St., 432.
The contention of the appellees that a cause of action does hot arise against them until all remedies have been exhausted against their father, the husband of the inmate, is without merit.
The Court of Common Pleas was in error in sustaining the demurrer. The judgment of the Court of Appeals affirming that *354 judgment is reversed, and the cause is remanded to the trial court for further proceedings according to law.

Judgment reversed.

Weygandt, C. J., Zimmerman, Taet, Matthias, Bell, Radcliee and O’Neill, JJ., concur.
Radcliee, J., of the Fourth Appellate District, sitting by designation in the place and stead of Herbert, J.